M. R. KEYS, Appellee, v. WHITLOCK MANUFACTURING
COMPANY, F. M. HUBBELL, DES MOINES MANUFACT-
URING AND SUPPLY COMPANY, A. L. WEST, S. H.
WORCESTER, E. VAN DYKE, and WILLIAM AULMAN,.
Appellees, and CHICAGO LUMBER & COAL COMPANY,
Appellant.

**Liens:** LANDLORD AND TENANT: *Estoppel.* A lessor's lien for
advances made to the lessee for the construction of a building
upon the leased premises under an agreement to make an advance
upon duplicate bills presented to the lessor for which he was to
have a lien upon the building and the machinery placed therein
which were to become his property upon the expiration of the
lease, is paramount to a mechanic's lien for material furnished
in the construction of the building, where a portion of the
advance was made in reliance upon a receipt from the material
man showing full payment of his bill, although by a secret
arrangement between the latter and the lessee a portion of the
bill remained unpaid; and the material man is estopped against
lessor to show that his bill was, in fact. unpaid in part though all
the material went into lessor's building.

**Contract Liens:** LANDLORD AND TENANT. H. was to have a land-
lord's lien to secure advances made to erect a building on his land,.
which were to be repaid in monthly installments, and. on failure
to make such payments, the whole amount was to become due, or
H. could declare the contract forfeited. and retake the premises..
*Held,* that H. had a contract lien upon the premises to the amount
of the unpaid advances.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,.
Judge.

WEDNESDAY, MAY 25, 1898.

In an action brought by plaintiff, a stockholder
in the Whitlock manufacturing Company, to secure
the appointment of a receiver, various parties who
claimed to hold liens against the property of the cor-
poration intervened, asking the establishment of their

liens and an order fixing their priorities. Of these
interveners was F. M. Hubbell, who claimed a con-
tract lien for money advanced the corporation, and
the Chicago Lumber Company, which claimed a
mechanic's lien upon the property of the corporation.
An issue between these two interveners was tendered,
and the case was tried to the court, resulting in a
decree establishing the lien of each, but declaring
that that of the Chicago Lumber Company was junior
and inferior to that of Hubbell. The lumber company
appeals.—*Affirmed.*

*Berryhill & Henry* for appellant.

*St. John & Stevenson* and *Cummins, Hewitt &*
*Wright,* for appellee Hubbell.

DEEMER, C. J.—Prior to the time of the execution
of the contract hereinafter referred to, the Whitlock
Manufacturing Company was a corporation doing
business in East Des Moines. Desiring to move its
plant to West Des Moines, it entered into a contract
with F. M. Hubbell, by the terms of which it leased
certain lands of him for the term of eighteen years,
agreeing to erect a building thereon, and to
move its machinery into the new building. Hub-
bell agreed to advance five thousand dollars to
enable it to build and equip the building, to be paid
as the work progressed upon duplicate bills presented
to him. Hubbell was to have a lien upon all the
machinery and fixtures from the date of the contract
for all advancements made by him, and as security
for the faithful performance of the contract; and it
was further provided that, after the machinery was
placed in the new building, the lien should be that of
a landlord. The corporation was to keep the property
insured for the benefit of Hubbell. The contract also

provided that the corporation should make certain monthly payments, called "rental," until the full amount of the five thousand dollar advancement should be repaid. After that the rent was to be one dollar per year for a certain period; and at the expiration of that time, it was to be an amount equal to five per cent of the valuation of the property. The contract further provided that in case of failure on the part of the corporation to comply with the terms of the contract on its part for the period of ninety days, the whole amount of the rent should become due, or, at the election of Hubbell, he might declare the contract forfeited, and retake possession of the premises. Provision was also made for the payment of costs and attorney's fees incident to suit brought to enforce the provisions of the contract; and it was further stipulated that, at the expiration of the lease, all improvements placed upon the premises should become the property of Hubbell. The corporation undertook the erection of a building upon the premises, and purchased of the Chicago Lumber & Coal Company material to the amount of about one thousand two hundred dollars. During the progress of the work, Hubbell gave the managing officer of the corporation a check for six hundred and thirteen dollars and ninety-six cents, payable to appellant's order, and at another time a check for five hundred and fifty-four dollars, which was represented to be the remainder of the amount due. Before giving this last check, Hubbell insisted upon a receipt in full from the lumber company. Thereupon the lumber company gave a receipt to the Whitlock Manufacturing Company showing the payment of one thousand two hundred dollars. The corporation, however, at the same time, made a written statement to the lumber company, showing that the receipt was for two hundred more than was actually received. When Hubbell

saw the receipt, he gave the second check, acting in the belief that this fully paid the lumber company bill, and had no knowledge to the contrary until about the time of the commencement of this litigation. As a matter of fact, the corporation had a contract with the lumber company, by which it (the company) was to take its bill in work; and, when the first bill was delivered to the lumber company, it gave half, or nearly half, of the amount, back to the corporation. The last check was indorsed by the lumber company and handed back to the corporation, and the lumber company accepted the check of the corporation in lieu thereof for something like three hundred dollars. As the corporation failed to make its payments under the lease Hubbell declared the same forfeited.

Appellant contends that it is entitled to judgment against the corporation for the balance due upon its account, to a decree establishing and foreclosing its mechanic's lien, and to an order declaring that its lien is prior and superior to any claim of appellee Hubbell. That it is entitled to a judgment and lien against the corporation is conceded, but appellee insists that such judgment and lien is junior and inferior to his rights under the contract. For the purpose of the case, it may be conceded that, if the contract were an ordinary agreement of lease, appellant's judgment, at least as to the building, should be decreed to be prior and superior to the lessor's claim for rent. See Acts Sixteenth General Assembly, chapter 100, section 4. But such is not the fact. Hubbell agreed to loan the corporation five thousand dollars for the purpose of furnishing it funds with which to erect a new building. To secure this advance, he was to have what is called a "mortgage lien" upon the machinery and fixtures before their removal to the new building, and, after that time, what was called a "landlord's lien"

upon all the property of the corporation used upon the premises; and, in addition thereto, the property was to become his at the expiration of the lease. Now, while it is true that Hubbell was not entitled to a landlord's lien for money advanced, yet the name by which the lien was created is of no consequence. It is clear that a lien was created by the contract for money advanced, and it is also true that, for failure to pay any of the installments, the whole amount became due and payable, and all rights of the lessee were forfeited. We are of opinion that Hubbell has a contract lien upon the premises and machinery to the amount of the unpaid advancements, and that this lien should be recognized and enforced in equity.

We have already said that the lumber company is also entitled to a lien against the corporation; and the question yet remains, which of these liens is entitled to priority? A reading of the contract clearly demonstrates that Hubbell was to advance the five thousand dollars for the purpose of erecting the building, and that he intended to so advance it as to save the buildings from liens. He agreed to pay, as the work progressed, upon duplicate bills from those who were doing the work or furnishing material, and we are satisfied the lumber company knew of this arrangement. When the first bill was presented, he gave his check for the full amount thereof; and, before paying the last bill, he required a receipt showing full payment. A receipt for one thousand two hundred dollars was given, and it was represented that this extinguished the lumber company's claim. In this belief Hubbell gave the second check. That the bill was not paid in full is due to some secret arrangement between the manufacturing company and the lumber company. Surely, under this state of facts, the lumber company should not be given priority.

Although its bill has not in fact been paid, yet appellant is clearly estopped from claiming that it has not received the amount due.

It is said that Hubbell suffered no prejudice by reason of appellant's conduct, for the reason that all the money paid went into the property. A sufficient answer to this, we think, is, that Hubbell had the right to stand upon his contract, and to make the payments as he saw fit. Appellant will not be permitted to say that the money paid for the purpose of liquidating its contract was diverted from this channel, and paid to some other creditor of the corporation. Hubbell had the absolute right to say who should be paid, and the mere fact that the money was used to pay some one else who might have had a lien upon the building is no answer to the claim of estoppel. Had Hubbell known of the other bills, he might well have refused to pay any of the accounts until he knew whether they would aggregate more than the sum he agreed to advance. The decree of the district court is right and it is AFFIRMED.